THOMAS WRIGLEY

v.

RICHARD O. JOLLEY.

The defendant's solicitor, in a foreclosure suit, obtained an order extending the time for answering, and filed his answer (setting up usury) within the time limited, but did not serve the order on complainant's solicitor, who entered a decree *pro confesso* after the original time for answering had expired. All the subsequent proceedings in the cause were had without his knowledge of the existence of such order or answer.—*Held*, that the final decree was regular, and that the sheriff's sale under it would not be set aside.

Bill to foreclose. On motion to set aside the sheriff's sale and open decree.

*Mr. R. O. Babbitt*, for the motion.

*Mr. J. A. McCreery, contra.*

THE CHANCELLOR.

This is an application to set aside a sheriff's sale and open the decree, to give the defendant the benefit of his answer. The answer was not filed within the time limited by the order of publication. That time expired June 12th. On that day the defendant's solicitor obtained, *ex parte* and without notice, an order for five days' further time. This order was never served on the complainant's solicitor. The answer was filed on the 16th of June. On the 24th of that month the complainant's solicitor, who was not aware that any answer had been filed, took a decree

*pro confesso,* and on the 29th a final decree. By the answer the defendant, who is the mortgagor, sets up the defence of usury— the taking of a premium of $45 on the loan of $1,500. It was the duty of the defendant's solicitor, on taking the order for further time to answer, to serve a copy of it, without delay, on the complainant's solicitor. As before stated, he did not serve it at all, and the complainant's solicitor never had any notice of it. The decree *pro confesso* was regular. *Emery* v. *Downing, 2 Beas. 59.* The defendant's solicitor seems to have given the cause no attention whatever, after the filing of the answer. He was not aware of the subsequent proceedings until the 15th of October, when he was informed that the sale had taken place, and the notice of this motion was not given until a month after that time. The purchaser of the property swears he has expended on it, for necessary repairs and taxes, over $100, since he bought it at the sheriff's sale. Under the circumstances, it would not be a proper exercise of discretion to set aside the sale and open the decree. The motion will be denied.